UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHEL ANAUO,

                          Plaintiff,       **DECISION AND ORDER**

                                                 **1:15-CV-00933-MAT**

          -vs-

ANDREW SAUL,[1]
Commissioner of Social Security,

                          Defendant.
_____

## I.     Introduction

Plaintiff has filed a Motion for Attorney's Fees, seeking the amount of $25,232.50, pursuant to 42 U.S.C. § 406(b). Docket No. 21. Defendant filed a response on October 10, 2019, deferring to the Court on the issue of the timeliness of Plaintiff's motion. *See* Docket No. 26. Plaintiff filed a reply on October 10, 2019. Docket No. 27. The matter is now fully submitted and ready for decision. Docket No. 28. For the reasons discussed below, Plaintiff's motion is granted.

## II.    Background

On December 16, 2016, this Court reversed the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB"), and remanded the matter for further proceedings. *See* Docket No. 17. On April 4, 2017, the

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of Social Security. Accordingly, his name is substituted for the originally-named defendant in this action. *See* Fed. R. Civ. P. 25(d).

Court signed a stipulation entered into by the parties, whereby Plaintiff was awarded $6,797.15, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in full satisfaction of her claim pursuant to the EAJA, for her attorney's services performed in connection with this action. Docket No. 20.

On March 21, 2019, an Administrative Law Judge issued a favorable decision on Plaintiff's disability claim, and found that she was entitled to benefits beginning on June 6, 2012. Docket No. 22-3. Subsequently, on July 13, 2019, the Social Security Administration (SSA) issued to Plaintiff a Notice of Award, stating that she was entitled to past-due disability benefits. *See* Docket No. 22-4. The Notice of Award also provided that the SSA was withholding 25 percent of Plaintiff's past-due benefits, or $25,232.50, to pay Plaintiff's attorney's fees. *See id*. at 3.

Pursuant to the fee agreement signed by Plaintiff, her attorney is entitled to 25 percent of her past-due benefits. *See* Docket Nos. 22-1 at ¶ 14 & 22-2. Based on the above-referenced Notice of Award, the amount due to Plaintiff's attorney pursuant to the fee agreement is $25,232.50. Plaintiff's attorney has requested a fee equal to this amount. Plaintiff's attorney has already received the sum of $6,797.15 pursuant to the EAJA application and stipulation (*see* Docket No. 22-1 at ¶ 11), and she states that she will refund this fee to Plaintiff once the instant request is granted, *see* Docket No. 22 at 9. Plaintiff's attorney

has submitted the Notice of Award (Docket No. 22-4), the fee agreement (Docket No. 22-2), and her time records to date (Docket No. 22-1 at ¶ 12).

**III. <u>Discussion</u>**

Title 42, Section 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

"When a contingent fee has been agreed to by the parties, the district court must determine whether the fee is reasonable[,]" "giv[ing] due deference to the intent of the parties" while "not blindly approv[ing] every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Mathematical calculations are not required, but the district court should determine whether the contingency percentage is within the 25 percent cap. *Id*. In addition, it should consider "whether there has been fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney." *Id.* (citations omitted).

The amount due to Plaintiff's attorney pursuant to the fee agreement is 25 percent of Plaintiff's past-due benefits, or $25,232.50. Plaintiff requests a fee of $25,232.50, which is

-3-

exactly 25 percent of the total past-due benefits awarded. Therefore, the contingency percentage is within the 25 percent cap authorized by § 406(b). Given that Plaintiff's attorney has not requested an increased fee amount, the Court concludes that there is no evidence of fraud or overreaching.

The Court agrees with Defendant that the amount requested does not appear to be so large as to be a windfall to the attorney. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *see also* Docket Nos. 22-1 at ¶ 12 & 26 at 4. Plaintiff's counsel has spent a total of 37.23 hours preparing Plaintiff's case before the federal district court (*see* Docket No. 22-1 at ¶ 12), which yields an hourly rate of $677.75 (*see* Docket Nos. 22 at 8 & 26 at 4), and is reasonable under the circumstances. *See, e.g., Smith v. Saul*, No. 18-CV-148F, 2020 WL 90761, at *2 (W.D.N.Y. Jan. 8, 2020) (approving attorney fee award of $22,838.88, which resulted in an hourly rate of $613.95) (citing *McDonald v. Commissioner*, No. 16-CV-926-FPG, 2019 WL 1375084, at *2-3 (W.D.N.Y. Mar. 27, 2019) (approving attorney's fees in the amount of $30,602.75 for 29.1 hours of work, which yields an hourly rate of $1,051.64) and *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney's fees in the amount of $38,116.50 for 42.75 hours of work, resulting in an hourly rate of $891.61)).

Plaintiff's counsel has worked on this case since October 2015. *See* Docket No. 22-1 at ¶ 6. After multiple denials at the

administrative level (*see* Docket Nos. 17 at 1-2 & 22-1 at ¶¶ 4-5), Plaintiff's counsel was successful in securing benefits for Plaintiff. The administrative transcript is over 400 pages long. *See* Docket No. 7. Plaintiff's counsel filed a 30-page motion for judgment on the pleadings (Docket No. 11-1) and an eight-page reply brief (Docket No. 14) in support of Plaintiff's claim for benefits, which the Court found to be persuasive. Accordingly, given the fee agreement and the history of the case, the Court finds that Plaintiff's fee request is reasonable.

Plaintiff contends that her motion, filed on September 17, 2019, is timely. *See* Docket No. 22 at 2-3. Plaintiff cites to former L. R. Civ. P. 5.5(g)(1), which was in place when counsel filed this motion. *Id.* at 2. The Local Rule required that a plaintiff file a § 406(b) motion within 65 days of the date of the final notice of award.[2] *Id.* Defendant agrees that Plaintiff's motion for attorney's fees was filed within the 65-day deadline provided in former L. R. Civ. P. 5.5(g)(1), *see* Docket No. 26 at 5 ("Counsel's motion for section 406(b) fees, having been filed on September 17, 2019 . . . was filed 63 days after the date of the July 13, 2019 Notice of Award (including the three-day mailing

---

[2] On January 1, 2020, L. R. Civ. P. 5.5(g)(1) was amended to provide that counsel "may file a petition for attorney's fees under 42 U.S.C. § 406(b) in accordance with the time frame set forth in F.R.Civ.P. 54(d)(2)(B) and <u>Sinkler v. Berryhill</u>, 932 F.3d 83 (2d Cir. 2019). Unless otherwise established, the Court will assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff." L. R. Civ. P. 5.5(g)(1).

period.")), but contends that Plaintiff's motion was not filed within the 14-day deadline specified in *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019). Defendant cites to language in *Sinkler* stating, "[t]his decision . . . now clarifies the application of Rule 54(d)(2)(B)'s fourteen-day filing period in such circumstances. This should make the need for such generally applicable local rules unnecessary in this circuit." *See* Docket No. 26 at 5; *see also Sinkler*, 932 F.3d at 89 n.6.

In *Sinkler*, the Second Circuit held that the 14-day deadline to file an attorney fee petition provided in Fed. R. Civ. P. 54(d)(2)(B) applies to § 406 motions, and runs from the date the claimant receives the notice of benefits award. *Sinkler*, 932 F.3d at 89 (§ 406(b) fee request "is subject to the fourteen-day filing limitation of Rule 54(d)(2)(B) once a party receives notice of a benefits calculation following a sentence four remand judgment."). The *Sinkler* case was decided on August 2, 2019 - 45 days before Plaintiff filed her motion for attorney's fees on September 16, 2019. Pursuant to *Sinkler*, Plaintiff's counsel was required to file any § 406(b) motion by July 30, 2019 (*i.e.*, 14 days after the Notice of Award dated July 13, 2019, allowing an additional three days for mailing). *See Sinkler*, 932 F.3d at 89 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing."). Plaintiff

filed her motion on September 16, 2019 - 48 days after the July 30, 2019 deadline.

In response, Plaintiff contends that *Sinkler* and former L. R. Civ. P. 5.5(g)(1) are not inconsistent and, even if *Sinkler* overrides the local rule, Plaintiff's motion for attorney's fees should be considered timely because she has demonstrated excusable neglect. *See* Docket No. 27 at 1-2. Plaintiff's counsel further explains that he relied on the validity of the local rules, which were in place at the time he filed the motion. *Id*. at 2.

In *Sinkler*, the Court clarified its holding, stating that district courts may extend the 14-day filing period if the circumstances permit. Specifically, the Court stated:

> In holding Rule 54 applicable in these circumstances, we are mindful that its fourteen-day limitations period is not absolute. The rule expressly states that the specified period applies "[u]nless a statute or a court order provides otherwise." Thus, district courts are empowered to enlarge that filing period where circumstances warrant. To be sure, courts cannot adopt local rules or orders that are inconsistent with federal rules of procedure. Nevertheless, where, as here, the rule itself affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case as, for example, when a party needs more time to assemble and file the administrative record.

*Sinkler*, 932 F.3d at 89-90 (internal citations omitted). As noted above, it is undisputed that Plaintiff's motion for attorney's fees was filed within the 65-day deadline mandated by former L. R. Civ. P. 5.5(g)(1). Given that the law regarding the time requirements

for filing § 406(b) motions was unsettled at the time Plaintiff's counsel received the Notice of Award, and because there does not appear to be prejudice to either party by Plaintiff's delay in filing her motion, the Court finds that an extension of Rule 54(d)'s 14-day filing period is appropriate in this instance. *See, e.g.*, *Lesterhuis v. Commissioner*, 408 F. Supp. 3d 292, 295 (W.D.N.Y. 2019) (granting extension to file § 406(b) motion where "Plaintiff filed the motion just nine days after the 14-day deadline — a short delay in marked contrast to the six-month delay in *Sinkler*."). As explained in *Russel W. v. Commissioner*:

> Given the unsettled nature of the law in the Second Circuit at the time he received the Notice of Award from the Administration, the Court believes that it was unwise of counsel to wait nearly three months to file his renewed application for attorneys' fees. Nevertheless, it is clear that even following the district court's ruling in *Sinkler*, there was considerable disagreement among the district courts in the Second Circuit concerning the proper timeline for filing Section 406(b) applications. Courts had regularly held that four months or less was a "reasonable time" within which to file a Section 406(b) motion following a final award of benefits.
>
> Accordingly, based on the particular circumstances surrounding the instant application as discussed above, the Court declines to deny Plaintiff's motion on the basis of untimeliness.

*Russell W. v. Commissioner*, No. 7:16-CV-00008(MAD), 2019 WL 5307315, at *3 (N.D.N.Y. Oct. 21, 2019) (internal citations and quotations omitted); *see also David B. v. Saul*, No. 3:17-CV-1242(DJS), 2019 WL 6123780, at *2 (N.D.N.Y. Nov. 19, 2019). Accordingly, the Court will not deny Plaintiff's motion on

-8-

untimeliness grounds. However, *Plaintiff's attorneys are on notice that pursuant to the Second Circuit's decision in Sinkler, they must file § 406(b) motions within Rule 54(d)'s 14-day deadline*, unless they can demonstrate a valid reason for an untimely filing, such as a delay in receiving the Notice of Award.

## IV. Conclusion

For the reasons discussed above, the Court grants Plaintiff's Motion for Attorney's Fees (Docket No. 21). Plaintiff is awarded attorney's fees in the amount of $25,232.50, which represents 25 percent of the total past due benefits awarded to Plaintiff. The Commissioner is directed to release these funds. Upon receipt of the § 406(b) fee, Plaintiff's counsel shall return to Plaintiff the previously-received $6,797.15 in attorney's fees paid pursuant to the EAJA.

**IT IS SO ORDERED.**

*S/ Michael A. Telesca*
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: March 5, 2020
Rochester, New York